IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:08-CV-198-DCK

| | |
|---|---|
| **LEAH BURGIN and BOBBY BURGIN,** )<br>*Individually and as Administrators of the* )<br>*Estate of Jaycee Burgin*, )<br> )<br>**Plaintiffs,** )<br> )<br>v. )<br> )<br>**SAGEBRUSH OF NORTH CAROLINA, LLC,** )<br>**SAGEBRUSH/TENNESSEE, LLC,** )<br>**SAGEBRUSH STEAKHOUSE, and HOLTEN** )<br>**MEAT, INC.,** )<br> )<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** *sua sponte.* On August 13, 2008, the undersigned issued an "Order" (Document No. 23) requiring that counsel for the parties appear for a Status and Motions Hearing and an Initial Pretrial Conference on September 4, 2008. On August 15, 2008, the Clerk's Office entered a Notice on the docket sheet for this case indicating that the hearing would be held on September 4, 2008, at 11:00AM in Courtroom #3. Court staff, as well as counsel for the Defendants, timely appeared for the aforementioned hearing, but no representative for Plaintiffs appeared.

Plaintiffs' counsel of record in this matter are John C. Hensley, Jr., Dianna M. Morris, Hal J. Kleinman, and Robert K. Jenner. On June 20, 2008, Mr. Hensley made motions (Document Nos. 8-11) for the *pro hac vice* admissions of Morris, Kleinman, and Jenner, which were granted by the Court (Document Nos. 12-14) on June 24, 2008. According to Local Rule 83.1(D)(1), "a candidate for admission must associate local counsel and be accompanied by local counsel at all hearings

unless otherwise permitted by the Court."

It is the Court's understanding that Plaintiffs' counsel are responsible for their failure to attend the hearing as ordered, and there is no indication that Plaintiffs themselves bear any fault. The undersigned will penalize Plaintiffs' counsel, but of course, the Court will not allow counsel's failure to have any bearing on its view of Plaintiffs or their arguments. In lieu of the hearing, and in the interests of judicial economy, a telephone conference will soon be scheduled to address the intended topics of today's hearing.

**IT IS, THEREFORE, ORDERED** that Defendants' counsel, Steven D. Cogburn and William J. Flynn, each submit a bill to Plaintiffs' counsel as soon as possible for their fees and expenses associated with attending today's hearing. Plaintiffs' counsel shall immediately reimburse Defendants' counsel for all fees and expenses upon receipt of those bills. Plaintiffs' counsel shall not in any way pass on these costs to their clients.

**IT IS FURTHER ORDERED** that consistent with the Federal Rules of Civil Procedure and the Local Rules of this district, counsel for the parties shall keep the Court updated on the identity and contact information of all counsel appearing in this matter for each party.

**SO ORDERED**.

Signed: September 4, 2008

David C. Keesler
United States Magistrate Judge

2