IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-CV-198-DCK

LEAH BURGIN and BOBBY BURGIN, )
Individually and as Co-Ancillary )
Administrators of the Estate of )
JAYCEE BURGIN, a deceased minor, )
                                                       )
               Plaintiff, )
                                                       )
v. ) **ORDER**
                                                       )
                                                       )
SAGEBRUSH OF NORTH CAROLINA, LLC, )
SAGEBRUSH/TENNESSEE, LLC, )
SAGEBRUSH STEAKHOUSE, and )
HOLTEN MEATS, INC., )
                                                       )
               Defendants. )

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiffs' Motion to Compel Defendant, Holten Meats, Inc. to Respond to Plaintiffs (sic) Request for Production of Documents." (Document No. 74). This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.A. § 636(b)(1)(A) and is ripe for review. Having fully considered the record, the undersigned will **GRANT** the motion to compel as follows:

In their motion, the Plaintiffs indicate that they served Defendant Holten Meats, Inc. ("Defendant") with written discovery requests on February 18, 2009. Defendant sought, and was granted, an extension of time up to and including April 22, 2009. (Document No. 67 "Order"). However, Plaintiff indicates that, to date, the Defendant has still not responded to the Plaintiffs' Request for Production of Documents, nor served any written objections.

Rule 34 of the Federal Rules of Civil Procedure requires that the "party to whom the request is directed must respond in writing within 30 days after being served." Fed.R.Civ.P. 34(b)(2)(A). Rule 37 provides in relevant part that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv). The Defendant also has not responded to the present motion to compel.

With respect to the Plaintiffs' request for the reasonable expenses incurred in making this motion, Rule 37(a)(5)(A) provides that:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A).

Rule 37(a)(5)(A)(i) further provides that "the court must not order this payment if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Plaintiffs' counsel indicates that she has attempted on several occasions to confer with opposing counsel by telephone without receiving a return call, and that the emails from opposing counsel have "failed to provide a date certain when Defendant will respond to Plaintiffs' discovery requests or any explanation for the unreasonable delay." (Document No. 75, p. 2). The emails are not before this Court, however, and Plaintiffs have not shown adequate grounds for attorneys fees.

**IT IS, THEREFORE, ORDERED** that the "Plaintiffs Motion to Compel Defendant, Holten Meats, Inc. to Respond to Plaintiffs (sic) Request for Production of Documents" (Document No. 74) is **GRANTED;** Defendant Holten Meats, Inc. shall either permit inspection of the requested

documents or serve written objections upon the Plaintiffs by June 16, 2009. Further delay may result in sanctions.

**IT IS SO ORDERED**.

Signed: June 2, 2009

David C. Keesler
United States Magistrate Judge